UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL HAWKINS, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC.<br><br>Defendant. | Case No.:<br><br><br>COMPLAINT --<br>CLASS ACTION |

Plaintiff, April Hawkins ("Plaintiff") individually and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Defendant Jefferson Capital Systems, LLC ("Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff April Hawkins ("Plaintiff") is a natural person, who at all relevant times has resided in Houma, Louisiana, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Jefferson Capital Systems, LLC, ("Jefferson" or "Defendant") is a corporation doing business in the Commonwealth of Louisiana, with its corporate address as 16 McLeland Road, St. Cloud, MN 56303 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about April 13, 2021, Jefferson sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $472.74, for a personal credit card bill from First Premier Bank.

7. Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8. The underlying debt is beyond the statute of limitations.

9. The collection letter states the following:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capital Systems, LLC) cannot sue you for it and we cannot report it to any credit reporting agencies.

10. The letter did not disclose that the debt was beyond the statute of limitations.

11. More importantly, the letter did not disclose that by submitting a partial payment or responding to the letter, Plaintiff would restart the statute of limitations.

12. In the same letter, Defendant provides Plaintiff with a settlement program with the option to make monthly payment of $24.00 over 11 months.

13. The letter also requests for Plaintiff to return a "participation form" regarding her payment options, which acknowledges the debt in its entirety in writing.

14. These statements are material because it directly affects the consumer's choice to pay the debt.

15. As the letter induces payment in small, partial payments, it also deceptively omits the fact that the statute of limitations would begin anew.

16. As such, Defendant's letter is false, deceptive, and misleading in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

18. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers within the State of Louisiana that have received the same form letter as Exhibit A from Jefferson concerning debts for First Premier Bank used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

19. Excluded from the Class is Jefferson, and any person, firm, trust, corporation, or other entity related to or affiliated with Jefferson, including, without limitation, persons who are officers, directors, employees, associates or partners of Jefferson.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4), or modify the class definition as to the geographical location or original creditor, including expanding the definition to a nation-wide class or without the limitation of a specific creditor. Defendant should be prepared to defend a nationwide class should Plaintiff so modify the class.

### Numerosity

21. Upon information and belief, Jefferson has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout Louisiana, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The letters sent by Jeferson, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

24. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Jefferson violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Jefferson; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Jefferson's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

25. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Jefferson's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

27. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

28. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

29. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from the Jefferson's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Jefferson's conduct to proceed and; (b) Jefferson to further enjoy the benefit of its ill-gotten gains.

34. Jefferson has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

35. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36. Jefferson's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

37. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, April Hawkins, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial on all issues so triable.

Dated: April 12, 2021.

Respectfully Submitted,

/s/ Marc R. Michaud
Marc R. Michaud, Esq.
SANDLER MICHAUD, LLC
1050 S. Norman C. Francis Pkwy, Ste. 219
New Orleans, LA 70125
T: 504-291-8300
*Attorney for Plaintiff*